IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| SAMUEL KC WILLIAMS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 7:14-CV-63-HL-MSH |
| | : | 28 U.S.C. § 2241 |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | : | |
| | : | |
| Respondents. | : | |
| | : | |

# ORDER

On April 28, 2014, Petitioner Samuel KC Williams filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) At that time, Petitioner was held by Immigration and Customs Enforcement ("ICE") at Irwin County Detention Center ("ICDC") in Ocilla, Georgia. (*Id.*) Since filing his Petition, Petitioner has filed more than twenty motions seeking various forms of relief from the Court. Petitioner has filed four motions for a stay of deportation (ECF Nos. 6, 25, 41, 42), five motions to appoint counsel (ECF Nos. 15, 23, 33, 35, 37), seven motions to be released from custody (ECF Nos. 7, 14, 19, 27, 29, 34, 36), a motion for extension of time to file his response to the motion to dismiss (ECF No. 40), a motion to transfer venue to the Northern District of Georgia (ECF No. 26), and four motions related to his place of confinement (ECF Nos. 8, 17, 18, 39).[1]

---

[1] Petitioner has also filed a motion for a hearing (ECF No. 28) and a motion to order Respondents to cease violating the Order dated May 21, 2014 (ECF No. 30). As to the former

Respondents filed a motion to dismiss the Petition on August 20, 2014. (ECF No. 31.) Petitioner was previously granted an extension of thirty days, through October 29, 2014, in which to file his response to the motion. (*See* Text-only Order, Sept. 15, 2014.) Petitioner has now filed a motion for a second extension of time to file his response to the motion. (ECF No. 40.) Petitioner also filed a motion to transfer his case to the Northern District of Georgia due to his relocation to the Atlanta Pretrial Detention Center ("APDC"). (ECF No. 26.)

## BACKGROUND

According to Respondents' motion to dismiss, Petitioner is under a final order of removal entered on June 23, 2002, which ordered Petitioner removed to Trinidad and Tobago. (Resp'ts' Mot. to Dismiss Ex. 1-K at 58, ECF No. 31-2.) Petitioner reserved appeal, but apparently did not file a timely appeal with the Board of Immigration Appeals ("BIA"). (Resp'ts' Mem. in Supp. of Mot. to Dismiss 3, ECF No. 31-1.) As of August 20, 2014, the date of Respondents' motion, a travel document had been issued by the Consulate of Trinidad and Tobago, and three attempts had been made at Petitioner's removal. (*Id.*) On two of these attempts, Petitioner was placed onboard a flight out of Atlanta, Georgia but was removed from the plane due to his actions. (*Id.*) The third attempt at removal was abandoned when American Airlines notified ICE that Petitioner would not be allowed onto any American Airlines flight due to his history. (*Id.* at 4.)

---

motion, Petitioner has not shown that a hearing is required on the merits of his Petition, and therefore that motion is denied. As to the latter motion, Respondents timely sought and were granted an extension of time to file their responsive pleading, and did so within that extension. Therefore, Petitioner's motion is moot.

Respondents thereafter filed the motion to dismiss arguing that Petitioner's request for release from custody should be denied because he has not shown that his removal is not likely to occur within the reasonably foreseeable future as required by *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). (*Id.*)

Based on Petitioner's filings, he was initially detained at Irwin County Detention Center awaiting removal, but was moved to the Atlanta Pretrial Detention Center on June 5, 2014. (Emergency Mot. to be Moved, ECF No. 17.) Petitioner states in numerous filings that he has eye problems and other physical disabilities. (*See, e.g,.* Mot. for Stay of Deportation 3, ECF No. 42.) He argues that he requires continuous medical and personal care. (*Id.*) He challenges the legality of his order of removal and also seeks cancellation of deportation due to his physical health and the fact that he alleges not to have any available assistance in Trinidad and Tobago. (*Id.* at 4.) Petitioner states that he recently underwent eye surgery at Grady Hospital Eye Clinic in Atlanta and is under post-operative care requiring weekly check-ups and daily medication. (Mot. for Time Ext. and Not to be Moved 2, ECF No. 40.) His latest filings seek more time to file his response to the motion to dismiss (*Id.*), that he not be moved from APDC so that he can complete post-operative care (*Id.*), and that his deportation be stayed for an unstated period of time (ECF No. 42). These requests have been considered, along with Petitioner's other motions, and for the reasons discussed below they are hereby denied.

## DISCUSSION

I.   **Motions for Stay of Deportation**

Petitioner asks the Court to grant him a "stay of deportation." (ECF Nos. 6, 25, 41, 42.) The basis of Petitioner's request is that he has serious physical impairments that require medical and personal care which he cannot receive in Trinidad because he has been in the United States for forty-eight years and has limited contacts in Trinidad and no family there to assist him. (Mot. for Stay of Deportation 3, ECF No. 42.) He argues that his detention is illegal because the immigration charges brought against him were allegedly terminated in 1994, but were illegally reinstated by a Secret Service Agent who arranged for that case to be reopened as punishment for his refusal to "do business" with the Secret Service. (*Id*. at 6.) He states that he is not a flight risk or threat to public safety and that deportation would result in extreme hardship to him and his family. (*Id*.) The Court does not have jurisdiction to grant Petitioner the relief he seeks.

The REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. *See, e.g., Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review."). The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

4

8 U.S.C. § 1252(a)(5). This provision has repeatedly been interpreted by district courts faced with a motion to stay removal as stripping them of jurisdiction to provide such relief. *See Tejada v. Cabral*, 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal—be they stays or permanent injunctions—were to be issued by the appropriate courts of appeals."); *Lage v. Chapdelaine*, No. 3:10-cv-1030, 2010 WL 4688820, at *4 (D. Conn. Nov. 10. 2010) ("The Real ID Act of 2005 not only strips district courts of the power to review final orders of removal, but it also precludes district courts from staying orders of deportation or removal."); *Eisa v. Immigration & Customs Enforcement*, No. 08-civ-6204, 2008 WL 4223618, at *4 (S.D.N.Y. Sept. 11, 2008) (finding that the court lacked jurisdiction to grant petitioner a stay of removal); *Wilfort v. Gonzales*, No. 07-0350-CG-C, 2007 WL 2220461, at *2 (S.D. Ala. Jul. 27, 2007) (same). The Court is therefore without jurisdiction to grant the relief that Petitioner seeks. The more direct and appropriate path for Petitioner to obtain a stay would be for Petitioner to appeal his removal order to the BIA, and if unsuccessful, to appeal that order to the Eleventh Circuit and, along therewith, request a stay of removal. Petitioner's motions are denied.

**II.      Motions to Appoint Counsel**

Petitioner also seeks appointment of counsel. (ECF Nos. 15, 23, 33, 35, 37.) Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances.

5

*Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Although Petitioner avers that he is unable to afford counsel, his case does not present the type of exceptional circumstances required to warrant the appointment of counsel by the Court. As discussed above, this Court is without jurisdiction to grant Petitioner the relief he seeks. The appointment of counsel to assist Petitioner in raising issues that the Court cannot address would be useless. Petitioner has adequately raised the arguments supporting his Petition and has not shown exceptional circumstances warranting appointed counsel. Petitioner's motions (ECF Nos. 15, 23, 33, 35, 37) are therefore denied.

**III.   Motions for Release from ICE Custody**

Petitioner also moves for immediate release from ICE custody. (ECF Nos. 7, 14, 19, 27, 29, 34, 36.) These motions seek the same remedy as Petitioner's Petition. That Petition is still pending before the Court and will be adjudicated under the applicable procedural rules. Currently Respondents have filed a motion to dismiss the Petition, and the Court awaits Petitioner's response to that motion. Petitioner's motions are therefore denied, and the Court will address Petitioner's Petition when it becomes procedurally ripe for review.

**IV.   Motions Related to Petitioner's Location of Confinement**

Petitioner has also filed a number of motions seeking orders from the Court

directing ICE to take actions that would not hinder his access to medical treatment. (ECF Nos. 8, 17, 18, 39.) When Petitioner was housed at ICDC, he feared being moved elsewhere because he was under medical care near that facility. (Mot. Not to be Moved, ECF No. 8.) Petitioner was subsequently moved to Atlanta so that he could be removed via a flight from the Atlanta Airport. Now awaiting removal, Petitioner is housed at APDC. On June 17, 2014, Petitioner sought to be moved back to ICDC in order to have access to his eye medication. (Emergency Mot. to be Moved, ECF No. 17; Mot. for Protective Custody, ECF No. 18.) In his latest set of filings, Petitioner states that he recently underwent eye surgery in Atlanta and now desires an order directing ICE to keep him in Atlanta until his post-operative treatment is completed. (Emergency Mot. Not to be Moved, ECF No. 39.)

Because the two actions Petitioner was trying to avoid through the motions docketed at 8, 17, and 18 have now occurred, the Court cannot grant Petitioner his requested relief. Therefore, those motions are dismissed as moot. Petitioner's final motion seeks an order enjoining ICE from moving him from APDC until his treatment is completed.[2] (ECF No. 39.) This is not a proper request to make in this action. A petition for writ of habeas corpus under 28 U.S.C. § 2241 is a specific request for a finding that one's detention is unlawful. It is not a proper forum for requesting to be housed in a particular institution or not to be moved from one institution to another. Petitioner's motion is therefore denied.

---

[2] Insofar as this request could also be construed as seeking a stay of removal, it is denied for the same reasons as discussed above.

## V. Motion for Extension of Time to File Response to Motion to Dismiss

Petitioner seeks a second extension of time to respond to Respondents' motion to dismiss. (ECF No. 40.) The Court previously granted Petitioner a similar request on September 15, 2014, extending Petitioner's time by thirty days. Another extension is not warranted in this case. Petitioner's motion is denied.

## VI. Motion to Transfer to the Northern District of Georgia

Finally, Petitioner seeks to transfer his motions to the Northern District of Georgia due to his present detention at the APDC in Atlanta. (ECF No. 26.) Title 28, United States Code Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Petitioner asserts that this action should be transferred to the Northern District of Georgia because he is now held there. However, due to the posture of this case, the delay that would be caused by such a transfer, and the fact that the Northern District is no more convenient for the parties than the present venue, the Court finds that it is in the interests of justice to deny Petitioner's motion and retain jurisdiction over Petitioner's case in the Middle District of Georgia.

## **CONCLUSION**

For the reasons explained above, Petitioner's motions for a stay of deportation (ECF Nos. 6, 25, 41, 42), motions to appoint counsel (ECF Nos. 15, 23, 33, 35, 37), motions to be released from custody (ECF Nos. 7, 14, 19, 27, 29, 34, 36), motions related to the location of his confinement (ECF Nos. 8, 17, 18, 39), motion for a hearing (ECF

No. 28), motion for an order enforcing the Court's May 21, 2014 Order (ECF No. 30), motion for extension of time to respond to Respondents' motion to dismiss (ECF No. 40), and motion to transfer venue (ECF No. 26) are denied. The Court will consider Respondents' motion to dismiss after the expiration of Petitioner's time to respond on October 29, 2014.

    SO ORDERED, this 7th day of October, 2014.

                                                    /s/Stephen Hyles
                                                    UNITED STATES MAGISTRATE JUDGE